# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  56925-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DARYL ROGERS, aka DARYL CRAIG ROGERS, | |
| Appellant. | |

PRICE J.  — In 2018, Daryl Rogers was convicted of first degree rape of a child and first degree child molestation.  In 2022, Rogers filed a motion for postconviction DNA testing, which the superior court denied.  Rogers appeals the denial of the motion for postconviction DNA testing, arguing that the superior court's decision is unsupported by the record and based on an incorrect application of the law.  We affirm.

## FACTS

In 2010, Rogers was hired to babysit J.R.O., who was about 10 years old.  J.R.O.'s family became close to Rogers, leading to the family living with him for several months during that time.  About six years later, J.R.O. came forward with accusations that Rogers raped and molested her in 2010.

The State charged Rogers with four counts of first degree rape of a child and two counts of first degree child molestation.

During Rogers' trial, the evidence was limited.  Only witness testimony, transcripts of police interview with the defendant, sketches of the defendant's home, and sketches of J.R.O.'s

family's apartment were presented as evidence. There were no "[i]tems with biological materials . . . retained, tested[,] or offered as evidence." Clerk's Papers (CP) at 2. In his opening statement, the prosecutor told the jury, "You're not going to hear about any DNA because of the passage of time. Nothing was around to collect by the time [J.R.O] felt comfortable sharing what happened to her." 2 Verbatim Rep. of Proc. (VRP) (Oct. 29, 2018) at 184. And in closing, Rogers' defense counsel stated, "Well, there's no DNA. There's no DNA evidence." 5 VRP (Nov. 1, 2018) at 724.

The jury found Rogers guilty of three counts of first degree rape of a child and one count of first degree child molestation.

In 2022, Rogers filed a motion for postconviction DNA testing of "any and all material" in his case, including "[e]vidence preserved by law enforcement, or any cooperating law enforcement agency," pursuant to RCW 10.73.170.[1] CP at 6-7.

The superior court denied Rogers' motion, stating that "[i]tems with biological materials allegedly present were not retained, tested[,] or offered as evidence in the defendant's trial and were not a basis for his convictions." CP at 2. Additionally, the superior court found that Rogers was known to J.R.O. and that his motion did "not explain why DNA evidence is material to his case or the identity of the perpetrator." CP at 2. There was no "factual basis to believe that DNA evidence that would be relevant to the defendant's case is present on any item held in evidence." CP at 2. The superior court concluded that Rogers did not establish a basis for postconviction DNA testing and denied the motion.

Rogers appeals.

---

[1] RCW 10.73.170 is a statute designed to permit potential exoneration of wrongfully convicted defendants through postconviction DNA testing. *See State v. Crumpton*, 181 Wn.2d 252, 258, 332 P.3d 448 (2014) ("RCW 10.73.170 provides a mechanism under Washington law for individuals to seek DNA testing in order to establish their innocence.").

ANALYSIS

Rogers argues the superior court abused its discretion in denying his motion for postconviction DNA testing because the decision was not supported by the record and the superior court applied the wrong legal standard. Rogers contends the superior court's decision was unsupported by the record because it found there was no evidence to be tested without explaining how it could make that finding. Rogers also argues that the superior court applied the wrong legal standard when it focused on whether DNA evidence was "the basis of his convictions," rather than focusing on whether there was evidence that, if tested, could exonerate him. Br. of Appellant at 6.

The State responds that Rogers' motion did not comply with the procedural and substantive requirements of RCW 10.73.170 and those deficiencies, standing alone, are sufficient to affirm the superior court. We agree with the State.

We review a superior court's denial of a motion for postconviction DNA testing for an abuse of discretion. *Crumpton*, 181 Wn.2d at 257.

RCW 10.73.170 states that a "person convicted of a felony . . . may submit . . . a verified written motion requesting DNA testing," and includes procedural and substantive requirements for the motion. RCW 10.73.170(1)-(3). "The person requesting testing must satisfy both procedural and substantive requirements" of RCW 10.73.170 for the motion to be granted. *State v. Riofta*, 166 Wn.2d 358, 364, 209 P.3d 467 (2009); *see* RCW 10.73.170(2), (3). Generally, the trial court does not abuse its discretion in denying a motion for postconviction DNA testing when the defendant's motion does not meet the procedural and substantive requirements of the statute. *See Riofta*, 166 Wn.2d at 373 (holding the trial court did not abuse its discretion in denying a motion

for postconviction DNA testing when the results would not demonstrate defendant's innocence on a more probable than not basis).

Among the statute's procedural requirements, the defendant must both state a basis for their request for DNA testing and explain "why DNA evidence is material to the identity of the perpetrator of . . . the crime." *Id.* at 364; RCW 10.73.170(2)(a), (b). One such basis for postconviction DNA testing is that testing "would provide significant new information."[2] RCW 10.73.170(2)(a)(iii).

To meet the substantive requirement of the statute, the defendant must demonstrate "the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(3). We "consider the evidence produced at trial along with any newly discovered evidence and the impact that an exculpatory DNA test could have in light of this evidence." *Riofta*, 166 Wn.2d at 369. The substantive requirement "is meant to be 'onerous.' " *Crumpton*, 181 Wn.2d at 261 (quoting *Riofta*, 166 Wn.2d at 367). We apply a presumption that "the DNA results would be favorable to [the] convicted individual," but "the defendant must show the link between the evidence and the possibility it would show innocence" in their motion for postconviction testing. *Id.* at 263-64. "Testing should be limited to situations where there is a credible showing that it could benefit a possibly innocent individual." *Id.* at 261.

Here, to fulfill the procedural requirements of RCW 10.73.170, Rogers must show that DNA testing would yield "significant new information" that is material to the identity of the perpetrator of the crime. RCW 10.73.170(2)(a), (b). Rogers' motion makes no such showing; the

---

[2] The other statutory bases for requesting postconviction DNA testing include that "[t]he court ruled that DNA testing did not meet acceptable scientific standards" and "DNA testing technology was not sufficiently developed to test the DNA evidence in the case," but they are inapplicable to Rogers' motion. RCW 10.73.170(2)(a)(i), (ii).

motion merely asks for "DNA testing of any and all material" in the case because "advanced analyses regarding DNA testing could more likely than not establish [Rogers'] actual innocence." CP at 6-7. This general request is devoid of explanation and insufficient to meet the procedural requirements. The superior court did not abuse its discretion in denying Rogers' motion when the motion was procedurally deficient.

Furthermore, not only does Rogers fail to meet the procedural requirement of the statute, he also fails to meet the substantive requirement. To meet the "onerous" substantive requirement of RCW 10.73.170, Rogers must show on a more probable than not basis that result of DNA testing would demonstrate his innocence. We consider the evidence presented at trial and any new evidence. *Riofta*, 166 Wn.2d at 369. But here, the only evidence presented at trial was witness testimony and sketches of the defendant's home and the victim's apartment, and Rogers does not argue that any new evidence has been discovered. Rogers provides no explanation of how DNA testing of any evidence would be relevant to show his innocence, much less on a more probable than not basis. Simply put, Rogers cannot show that testing of unidentified and nonexistent materials would show on a more probable than not basis that he was not the perpetrator of the crimes.[3] Roger's motion is therefore substantively deficient.[4]

---

[3] Rogers correctly asserts that we are required to apply a presumption that postconviction DNA testing could exonerate him. *Crumpton*, 181 Wn.2d at 264. However, with no explanation or identification of evidence to test, we have nothing upon which we can exercise the presumption.

[4] Because we hold that Rogers' motion was both procedurally and substantively deficient at the outset, we do not address Rogers' additional argument that the superior court applied the incorrect legal standard.

CONCLUSION

The superior court did not abuse its discretion when it denied Rogers' motion for postconviction DNA testing because Rogers' motion did not meet the procedural and substantive requirements of RCW 10.73.170. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

MAXA, J.